IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLAUER MANUFACTURING COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) COMPLAINT FOR PATENT |
| v. | ) INFRINGEMENT |
| | ) |
| I. SPIEWAK & SONS, INC. | ) DEMAND FOR JURY TRIAL |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## COMPLAINT

Plaintiff Blauer Manufacturing Company, Inc. complains as follows against I. Spiewak & Sons, Inc.

## PARTIES

1.  Plaintiff Blauer Manufacturing Company, Inc. ("Blauer Manufacturing") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 20 Aberdeen Street, Boston, Massachusetts 02215.

2.  On information and belief, defendant I. Spiewak & Sons, Inc. ("Spiewak") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 225 West 37th Street, New York, New York, 10018.

## JURISDICTION

3.  This is an action for patent infringement under the United States Patent Laws, Title 35 United States Code.

4.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5.      On information and belief, defendant Spiewak conducts business in this Judicial District and has committed acts of patent infringement in this Judicial District including, *inter alia*, importing, making, using, offering for sale, and/or selling infringing products in this Judicial District.

## VENUE

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

7.      Plaintiff Blauer Manufacturing is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,528,112 ("the '112 Patent") entitled "Ballistic Vest Carrier Cover System," which duly and legally issued in the name of Stephen J. Blauer and Robert K. Lee on September 10, 2013.  Plaintiff Blauer Manufacturing has owned the '112 Patent throughout the period of defendant Spiewak's infringing acts and still owns the '112 Patent.  A copy of the '112 Patent is attached to the Complaint as Exhibit A.

8.      Plaintiff Blauer Manufacturing is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,776,262 ("the '262 Patent") entitled "Ballistic Vest Carrier Cover System," which duly and legally issued in the name of Stephen J. Blauer and Robert K. Lee on July 15, 2014.  Plaintiff Blauer Manufacturing has owned the '262 Patent throughout the period of defendant Spiewak's infringing acts and still owns the '262 Patent.  A copy of the '262 Patent is attached to the Complaint as Exhibit B.

9.      Upon information and belief, defendant Spiewak manufactures, uses, offers for sale, and/or sells an Armor Vest Cover.

10.     Upon information and belief, defendant Spiewak has made, used, offered to sell, and/or sold, and continues to make, use, offer to sell, and/or sell the Armor Vest Cover within this Judicial District that infringes the '112 Patent and the '262 Patent.

## INFRINGEMENT OF THE '112 PATENT

11.     Plaintiff Blauer Manufacturing realleges and incorporates by reference the allegations set forth in paragraphs 1-10 above.

12.     Upon information and belief, defendant Spiewak has been, and currently is, directly and indirectly infringing claims of the '112 Patent by making, using, selling, offering for sale, contributing to the use of by others, and/or inducing others to use products including, without limitation, the Armor Vest Cover.

13.     Upon information and belief, defendant Spiewak's infringement of the '112 Patent has been and continues to be willful and deliberate.

14.     Upon information and belief, defendant Spiewak's infringement of the '112 Patent will continue unless enjoined by this Court.

15.     As a direct and proximate consequence of defendant Spiewak's infringement of the '112 Patent, plaintiff Blauer Manufacturing has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which plaintiff Blauer Manufacturing is entitled to relief.

## INFRINGEMENT OF THE '262 PATENT

16.     Plaintiff Blauer Manufacturing realleges and incorporates by reference the allegations set forth in paragraphs 1-15 above.

17.     Upon information and belief, defendant Spiewak has been, and currently is, directly and indirectly infringing claims of the '262 Patent by making, using, selling, offering for sale,

contributing to the use of by others, and/or inducing others to use products including, without limitation, the Armor Vest Cover.

18. Upon information and belief, defendant Spiewak's infringement of the '262 Patent has been and continues to be willful and deliberate.

19. Upon information and belief, defendant Spiewak's infringement of the '262 Patent will continue unless enjoined by this Court.

20. As a direct and proximate consequence of defendant Spiewak's infringement of the '262 Patent, plaintiff Blauer Manufacturing has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which plaintiff Blauer Manufacturing is entitled to relief.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff Blauer Manufacturing requests entry of judgment in its favor and against defendant Spiewak as follows:

A. Enter judgment that defendant Spiewak has infringed the '112 Patent;

B. Enter judgment that defendant Spiewak has induced infringement of the '112 Patent;

C. Enter judgment that defendant Spiewak has contributed to infringement of the '112 Patent;

D. Enter a preliminary and permanent injunction restraining and enjoining defendant Spiewak and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further sales or use of their infringing products and any other infringement of the '112 Patent, whether direct or indirect, pursuant to 35 U.S.C. § 283;

E.  For damages to compensate plaintiff Blauer Manufacturing for defendant Spiewak's infringement of the '112 Patent pursuant to 35 U.S.C. § 284;

F.  Enter judgment that defendant Spiewak has infringed the '262 Patent;

G.  Enter judgment that defendant Spiewak has induced infringement of the '262 Patent;

H.  Enter judgment that defendant Spiewak has contributed to infringement of the '262 Patent;

I.  Enter a preliminary and permanent injunction restraining and enjoining defendant Spiewak and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further sales or use of their infringing products and any other infringement of the '262 Patent, whether direct or indirect, pursuant to 35 U.S.C. § 283;

J.  For damages to compensate plaintiff Blauer Manufacturing for defendant Spiewak's infringement of the '262 Patent pursuant to 35 U.S.C. § 284;

K.  For enhanced damages pursuant to 35 U.S.C. § 284;

L.  For an award of pre-judgment and post-judgment interest and costs to plaintiff Blauer Manufacturing in accordance with 35 U.S.C. § 284;

M.  For an award of plaintiff Blauer Manufacturing's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

N.  Grant to plaintiff Blauer Manufacturing such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Blauer Manufacturing respectfully demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,
Dated: September 15, 2014
ALTMAN & MARTIN

/s/ Steven K. Martin

Steven K. Martin, BBO No. 567494
6 Beacon Street, Suite 600
Boston, Massachusetts  02108
617-523-3515 Telephone
617-523-1872 Facsimile
smartin@altmartlaw.com
ATTORNEY FOR PLAINTIFF